UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SIANNA STEWART,                                  Case No. 18 CV 4841
              Plaintiff,                       (ENV) (LB)

     -against-                                     **AMENDED COMPLAINT**

THE CITY OF NEW YORK, P.O. MATTHEW             JURY DEMAND
FAGAN [SHIELD # 12114], SERGEANT
AVINASH PATEL [SHIELD # 5322], P.O.
UMAR KHITAB [SHIELD # 20552], and
JOHN DOE AND JANE DOE #1-8 (the names
John and Jane Doe being fictitious, as the true
names are presently unknown),
              Defendants.
-----------------------------------------------------------------X

Plaintiff, SIANNA STEWART, by her attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, P.O. Matthew Fagan [Shield # 12114], Sergeant Avinash Patel [Shield # 5322], P.O. Umar Khitab [Shield # 20552], and John Doe and Jane Doe #1-8 (collectively, "defendants"), respectfully alleges as follows:

1.    This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983, [and arising under the law and statutes of the City and State of New York].

## JURISDICTION

2.    The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

COMPLIANCE WITH N.Y. GEN. MUN. LAW REQUIREMENTS

4. Plaintiff timely made and served a notice of claim upon the defendants in compliance with N.Y. Gen. Mun. Law § 50-e.

5. At least thirty days have elapsed since the service of aforesaid notice of claim and adjustment or payment thereof has been neglected or refused.

6. This action is commenced within one year and ninety days after the happening of the event(s) upon which the claim(s) is based.

THE PARTIES

7. Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

8. Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

9. The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

10. Defendant P.O. Matthew Fagan [Shield # 12114] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

11. Defendant Sergeant Avinash Patel [Shield # 5322] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

12. Defendant P.O. Umar Khitab [Shield # 20552] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

13. Defendants John Doe and Jane Doe #1-8 were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

14. Defendants Fagan, Patel, Khitab, and John Doe and Jane Doe #1-8 are collectively referred to herein as "defendant officers".

15. At all times material to this Complaint, the defendant officers acted towards plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

The October 25, 2017, Incident

16. On or about October 25, 2017, at approximately 9:30 p.m., defendant officers, acting in concert, arrested plaintiff without cause at or within the vicinity of 1568 Sterling Place, Brooklyn, New York, and charged plaintiff with N.Y. PL 170.30 'Criminal possession of a forged instrument in the first degree', N.Y. PL 165.08 'Unauthorized use of a vehicle in the first degree', and N.Y. PL 221.10(1) 'Criminal possession of marihuana in the fifth degree'.

17. Plaintiff, however, was not in possession of any forged instrument, did not use any vehicle without authorization, was not in possession of any marihuana, and did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

18. Initially, plaintiff and the defendant officers are familiar with each other, as defendant officers routinely harass the plaintiff whenever they run into her.

19. Defendant officers would often stop, frisk, and detain the plaintiff whenever they run into her, and would call out the plaintiff by name on a loudspeaker on the rare occasions when they do not stop or detain her.

20. Prior to the arrest, plaintiff and her brother, Bevon Benn, and one of their friends, Shaheim Rogers, were sitting in a parked rental Zipcar which was rented by their friend, Dayvoun Joyner.

21. The car was parked at the aforementioned address with Bevon sitting in the driver's seat, Shaheim sitting in the front passenger's seat, and the plaintiff sitting in the rear seat.

22. Plaintiff, Bevon, and Shaheim were sitting and waiting for Dayvoun who at the time was inside one of the apartments located in the building or apartment complex situated at the aforementioned address.

23. Defendant officers initially drove past the Zipcar.

24. Shortly thereafter, defendant officers turned around and approached the car.

25. Immediately upon approaching the car, defendant officers ordered the plaintiff and the other occupants out of the car.

26. Upon exiting the car as she was directed, defendant officers tightly handcuffed the plaintiff with her hands placed behind her back.

27. Defendant officers then subjected the plaintiff to an illegal search.

28. Defendant officers also proceeded to perform an illegal and unauthorized search of the Zipcar.

29. In the process of their illegal and unauthorized search of the Zipcar, defendant officers removed the plaintiff's wallet which was located in the back seat of the car.

30. Defendant officers proceeded to perform an illegal and unauthorized search of the plaintiff's wallet.

31. Defendant officers removed from the wallet a personal blank check provided to plaintiff for her use by her bank, TD Bank.

32. Defendant officers also removed several of plaintiff's properties from the trunk of the car including, but not limited to, several perfumes, jackets, t-shirts, sweatpants, pants, and plastic bags.

33. Defendant officers did not provide the plaintiff with any voucher for her said properties.

34. Defendant officers did not provide plaintiff with any information as to how to retrieve or recover her properties and have refused to return plaintiff's aforesaid properties.

35. At all times material to this Complaint, no contraband was located in plain view and no contraband was located in any area where it could be argued that the plaintiff saw such contraband, had regular access to such area and/or exercised dominion and control over the area.

36. Defendant officers did not recover any contraband from their unlawful search of the plaintiff and/or the Zipcar.

37. Defendant officers at some point inquired as to the owner of the Zipcar.

38. Plaintiff and the other occupants of the car informed defendant officers that the car was rented by their friend, Dayvoun.

39. Plaintiff and the other occupants of the car also informed defendant officers that Dayvoun was located nearby in the apartment complex.

40. Plaintiff and the other occupants of the car offered to call Dayvoun or provide defendant officers with Dayvoun's phone number so they could call him and confirm that he rented the car and authorized their use of it, and that they were sitting in the car waiting for him to join them.

41. Defendant officers did not allow the plaintiff and the other occupants of the car to call Dayvoun, refused to take Dayvoun's phone number, and refused to place a call to Dayvoun.

42. Eventually, defendant officers placed the plaintiff inside their police vehicle and transported the plaintiff to NYPD-77th Precinct for arrest processing.

43. Defendant officers further subjected the plaintiff to an illegal search at the precinct.

44. Defendant officers did not recover any contraband from their unlawful search of the plaintiff.

45. Upon information and belief, defendant officers seized or impounded the Zipcar and drove it to the precinct.

46. Within a few minutes thereafter, Dayvoun appeared at the precinct and informed defendant officers that he had rented the Zipcar and had authorized the plaintiff to use and/or ride in the car.

47. Defendant officers then proceeded to release the Zipcar to Dayvoun as the rightful owner/renter but continued to detain the plaintiff.

48. After detaining the plaintiff at the precinct for a lengthy period of time, plaintiff was transported to the Central Booking to await arraignment.

49. While plaintiff was awaiting arraignment, defendant officers met with prosecutors employed by Kings County District Attorney's Office.

50. During this meeting, defendant officers falsely stated to the prosecutors, among other things, that the plaintiff was in possession a forged instrument, made an unauthorized use of a vehicle, and was in possession of marihuana.

51. Based on the false testimony of defendant officers, the prosecutors initiated criminal actions against the plaintiff.

52. Upon arraignment, plaintiff was charged with N.Y. PL 170.20 'Criminal possession of a forged instrument in the third degree', and N.Y. PL 221.05 'Unlawful possession of marihuana'.

53. Plaintiff was eventually released on her own recognizance but was required to return to the criminal court to defend the false charges levied against her.

54. Plaintiff subsequently appeared before the criminal court on multiple occasions to defend the false charges levied against her.

55. On or about March 19, 2018, the false charges levied against plaintiff were summarily dismissed by the prosecutors because of the lack of evidence.

The November 2017, Incident

56. In or about November 2017, at approximately 10:00 p.m., defendant officers, acting in concert, arrested plaintiff without cause at or close to the corner of Sterling Place and Rochester Avenue, Brooklyn, New York, and, upon information and belief, charged plaintiff with multiple crimes and/or offenses including N.Y. PL 240.20 'Disorderly conduct'.

57. Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

58. Prior to the arrest, plaintiff was going to a nearby corner store when she was suddenly stopped, tightly handcuffed with her hands behind her back, illegally searched and unlawfully detained by defendant officers.

59. Defendant officers did not recover any contraband from their unlawful search of the plaintiff.

60. Defendant officers compelled the plaintiff to stand for a photograph, and proceeded to take a photograph of the plaintiff at the aforementioned address.

61. Eventually, defendant officers falsely stated that the plaintiff had an outstanding warrant for her arrest, and transported the plaintiff to NYPD-77th Precinct for arrest processing.

62. After detaining the plaintiff at the precinct for a lengthy period of time, defendant officers caused a legal process to be issued to the plaintiff requiring her to appear in the criminal court.

63. Plaintiff subsequently appeared in the criminal court as she was directed but was advised that the prosecutors had declined to prosecute her.

64. Each and every officer who responded to and/or was present at the location of the arrest(s) and at the precinct and/or station house knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

65. Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

66. As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

67. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 66 of this complaint as though fully set forth herein.

68. The conduct of defendant officers, as described herein, amounted to false arrest.

69. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

70. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: MALICIOUS PROSECUTION - against defendant officers

71. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 70 of this complaint as though fully set forth herein.

72. Defendant officers falsely stated to the prosecutors that the plaintiff committed various crimes and/or offenses as described above.

73. Based on the false testimony of defendant officers, the prosecutors initiated criminal actions against the plaintiff.

74. Plaintiff was required to, and did, appear in court on multiple occasions to defend herself from the false charges levied against her with malice by defendants.

75. Eventually, the criminal proceeding(s) terminated in plaintiff's favor.

76. Because of the conduct of the defendants, plaintiff was maliciously prosecuted for a lengthy period of time.

77. The conduct of defendant officers, as described herein, amounted to malicious prosecution.

78. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

79. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

80. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 79 of this complaint as though fully set forth herein.

81. That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

82. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

83. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

84. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: FABRICATION OF EVIDENCE AND DENIAL OF RIGHT TO A FAIR TRIAL - against defendant officers

85. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 84 of this complaint as though fully set forth herein.

86. Defendant officers manufactured evidence of criminality against the plaintiff which the prosecutors relied upon to initiate criminal actions against the plaintiff.

87. The conduct of defendant officers, as described herein, amounted to fabrication of evidence and denial of right to a fair trial.

88. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

89. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: UNLAWFUL STOP AND FRISK AND UNREASONABLE SEARCH & SEIZURE - against defendant officers

90. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 89 of this complaint as though fully set forth herein.

91. Defendant officers routinely harass the plaintiff and would often stop, frisk, search, and detain the plaintiff whenever they run into her.

92. The conduct of defendant officers, as described herein, amounted to unlawful stop and frisk and unreasonable searches and seizures.

93. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

94. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE/SCREEN AND MUNICIPAL POLICY - against defendant City

95. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 94 of this complaint as though fully set forth herein.

96. Defendant City of New York, acting through NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

97. Additionally, defendant City of New York, acting through Eric Gonzalez and the Office of the District Attorney of the County of Kings ("KCDA"), had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants, the initiation and/or prosecution of criminal actions, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and the duty and/or obligation of candor toward the court.

98. Defendant City of New York, acting through aforesaid NYPD and KCDA, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in robbery, narcotics, drugs, guns and/or other illicit activities.

99. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

100. For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the Southern District of New York observed that the City of New York had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

101. In *Ligon v. City of New York*, 925 F. Supp. 2d 478 (S.D.N.Y. 2013), the Court determined that the City of New York, acting through the NYPD, engages in unlawful stop and frisk. *See also Davis v. City of New York*, 959 F. Supp. 2d 324 (S.D.N.Y. 2013) (same).

102. In *Jones v. City of New York*, 603 Fed. Appx. 13 (2d Cir. 2015), Police Officer David Rodriguez arrested the plaintiff in that matter, Javier Jones,

            merely because he was allegedly informed that Mr. Jones was in the company of another individual named Frantz Machon who did allegedly display a weapon.

103. Officer Rodriguez was questioned at his deposition as to whether it is NYPD's policy to charge all members of a group with criminal possession of a weapon when only one group member is alleged to have possessed a firearm.

104. Officer Rodriguez, as the Second Circuit observed, testified that although NYPD "does not have an official policy of charging all members of a group with criminal possession of a weapon when only one group member is alleged to have possessed a firearm, [] 'That is what we do.'" *Jones*, 603 Fed. Appx. at 15.

105. Officer Rodriguez did further elaborate that "It is like an accomplice to the person with the firearm[]" and that "the normal procedure is when you have a situation like this, everyone gets charged with the firearm because we are going off on what the victim said . . . if the victim said that [Machon] had a firearm, that is going to be the charge for everyone."

106. As the plaintiff in *Jones* successfully argued before the Second Circuit, Officer Rodriguez's testimony shows that he "is unaware that he does not have probable cause to arrest a mere bystander[]" which shows that "he has not been trained on this issue by the City [and NYPD]."

107. Here, as was true in *Jones*, the City and KCDA have failed to train defendant officers and have failed to instill in them the fact that they lack probable cause to arrest an individual such as the plaintiff who was merely socializing with his friends and there was no evidence connecting the plaintiff to any crime or offense.

108. Defendant City has settled numerous lawsuits in this district against several officers assigned to the NYPD and KCDA alleging, among other things, that the officers fabricated evidence, falsely arrested the plaintiffs without probable cause, and improperly seized and/or appropriated to themselves the plaintiffs' properties and/or did not issue or provide to the plaintiffs in those

12

|   |   |
|---|---|
|   | cases with any vouchers specifying the properties seized from them with the constitutionally-required notice printed on the vouchers describing how the plaintiffs could reclaim their properties. *See*, *e.g.*, *Eric Davis v. City of New York* (16 CV 385) (improper seizure and/or appropriation of properties); *Jimmy Wilson v. City of New York* (15 CV 6326) (improper seizure and/or appropriation of properties); *Crystal Whitfield v. City of New York* (14 CV 6085) (improper seizure and/or appropriation of properties); *Tyrone Jackson v. City of New York* (13 CV 3589) (false/fabricated identification); *Terri Bradshaw v. City of New York* (13 CV 2991) (improper seizure and/or appropriation of properties); *Ramel King v. City of New York* (12 CV 4322) (improper seizure and/or appropriation of properties); *Javier Jones v. City of New York* (12 CV 3658) (false/fabricated identification); *Anthony Holley v. City of New York* (12 CV 2410) (false/fabricated identification); *Ian Felmine v. City of New York* (09 CV 3768) (false/fabricated identification); *Jawanza Lewis v. City of New York* (08 CV 2435) (improper seizure and/or appropriation of properties); *Nicholls Olwyn v. City of New York* (08 CV 2098) (false/fabricated identification). |
| 109. | Aside from the cases which have already been settled, there are numerous lawsuits pending in this district and New York State Supreme Court against several officers assigned to the NYPD and KCDA alleging, among other things, that the officers fabricated evidence, falsely arrested the plaintiffs without probable cause, and improperly seized and/or appropriated to themselves the plaintiffs' properties and/or did not issue or provide to the plaintiffs in those cases with any vouchers specifying the properties seized from them with the constitutionally-required notice printed on the vouchers describing how the plaintiffs could reclaim their properties. *See*, *e.g.*, *Eddie Holley v. City of New York* (18 CV 6487) (improper seizure and/or appropriation of properties); *Warren Monk v. City of New York* (18 CV 6458) (improper seizure and/or appropriation of properties); *Brandon Gutierrez v. City of New York* (18 CV 3621) (improper seizure and/or appropriation of properties); *Jeffrey Demosthene v. City of New York* (18 CV |

|   |   |
|---|---|
| | 1358) (improper seizure and/or appropriation of properties); *Kroutchev Demosthene v. City of New York* (14 CV 816) (false/fabricated identification). |
| 110. | Despite the numerous complaints of civil rights violations described hereinabove, there has been no meaningful attempt on the part of defendant City to forestall further incidents and/or even to investigate claims that police routinely fabricate identification evidence, arrest innocent citizens without probable cause, use excessive force in the arrest of innocent citizens, improperly seize and/or appropriate to themselves arrestees' properties and/or did not issue or provide to the arrestees with any vouchers specifying the properties seized from them with the constitutionally-required notice printed on the vouchers describing how the arrestees could reclaim their properties. |
| 111. | As a result of defendant City's failure to properly train, supervise or discipline its police officers, defendant officers unlawfully arrested the plaintiff, incarcerated her, abused and/or assaulted the plaintiff, improperly seized and/or appropriated to themselves several of the plaintiff's properties and/or did not issue or provide to the plaintiff with any vouchers specifying the properties seized from her with the constitutionally-required notice printed on the vouchers describing how the plaintiff could reclaim her properties. |
| 112. | Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein. |
| 113. | The actions of defendants, acting under color of State law, deprived plaintiff of her due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in |

14

particular, the right to be secure in her person and property, to be free from abuse of process, the excessive use of force and the right to due process.

114. By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

SEVENTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12 - against defendants

115. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 114 of this complaint as though fully set forth herein.

116. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting her and depriving her of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

117. In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiff of her constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

118. The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of her

        constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

119. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

## EIGHTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants

120. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 119 of this complaint as though fully set forth herein.

121. The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

122. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## NINTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants

123. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 122 of this complaint as though fully set forth herein.

124. By reason of and as a consequence of the conduct of defendant officers, plaintiff was assaulted and experienced pain.

125. The conduct of the defendants, as described herein, amounted to assault and battery.

126. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## TENTH CAUSE OF ACTION: TORTS (MALICIOUS PROSECUTION) - against defendants

127. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 126 of this complaint as though fully set forth herein.

128. Based on the false testimony of defendants, the prosecutors initiated criminal actions against the plaintiff.

16

129. Plaintiff was required to, and did, appear in court on multiple occasions to defend herself from the false charges levied against her with malice by defendants.

130. Eventually, the criminal proceeding(s) terminated in plaintiff's favor.

131. Because of the conduct of the defendants, plaintiff was maliciously prosecuted for a lengthy period of time.

132. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

ELEVENTH CAUSE OF ACTION: TORTS (UNLAWFUL STOP AND FRISK AND UNREASONABLE SEARCH AND SEIZURE) - against defendants

133. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 132 of this complaint as though fully set forth herein.

134. The conduct of the defendants, as described herein, amounted to degrading, humiliating and unreasonable stop and frisk and searches and seizures.

135. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TWELFTH CAUSE OF ACTION: TORTS (NEGLIGENCE AND/OR BREACH OF SPECIAL DUTY OR RELATIONSHIP) - against defendants

136. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 135 of this complaint as though fully set forth herein.

137. Defendants failed to properly care, supervise and protect the plaintiff, failed to ensure the plaintiff's health and safety, and were careless and negligent in their treatment of the plaintiff.

138. The conduct of the defendants, as described herein, amounted to negligence and breach of special duty or relationship.

139. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRTEENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

140. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 139 of this complaint as though fully set forth herein.

141. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

142. Plaintiff's emotional distress has damaged her personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest, assault, detention and imprisonment by defendants.

143. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTEENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

144. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 143 of this complaint as though fully set forth herein.

145. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

146. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

147. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

148. Upon information and belief, defendant City's negligence in hiring and retaining defendant officers proximately caused plaintiff's injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

    a. For compensatory damages against all defendants in an amount to be proven at trial;

    b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

    c. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

    d. For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
       December 17, 2018

                      UGO UZOH, P.C.

                      /s/

                _____
        By:   Ugochukwu Uzoh (UU-9076)
                Attorney for the Plaintiff
                304 Livingston Street, Suite 2R
                Brooklyn, N.Y. 11217
                Tel. No: (718) 874-6045
                Fax No: (718) 576-2685
                Email: u.ugochukwu@yahoo.com